### ASINOF et al. v. KUROPOTKIN et al

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. WITNESSES (§ 254*)—EXAMINATION—REFRESHING MEMORY.

Unless a witness has personal knowledge of items contained in an account book, the items cannot be read into the record for the purpose of refreshing his memory.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 868–873; Dec. Dig. § 254.*]

2. EVIDENCE (§ 376*)—DOCUMENTARY EVIDENCE—BOOK ENTRIES.

Book entries are not competent evidence unless an appropriate foundation be laid.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Morris Asinof and another against Philip Kuropotkin and another. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Samuel Kahan, of New York City (Benjamin Levinson, of New York City, of counsel), for appellants.

Morton Stein and Eli S. Wolbarst, both of New York City, for respondents.

LEHMAN, J. [1] The plaintiffs agreed to pay the defendants certain sums for making up different grades of garments. They paid the defendants the sum of $701.02 for the work done, and thereafter they claim that they found that by mistake they overpaid the defendants in the sum of $149.89. At the trial one of the plaintiffs was permitted, over defendants' objection and exception, to read into the record, under the pretense of refreshing his memory, the legder entries showing th amount of garments delivered to defendants and made up by them. It was not shown that the witness had any personal knowledge of the number of garments delivered, and he could not refresh his recollection unless he had such personal knowledge.

[2] The reading of the entries as book entries was certainly incompetent, for no foundation was laid for the introduction of the book.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.